ARTHUR THOMPSON *v.* STATE OF MISSISSIPPI.

[40 South. Rep., 545.]

1. CRIMINAL LAW. *Assault with intent to murder. Verdict. Correction.*

Under an indictment for an assault and battery with intent to kill and murder, a verdict, finding the defendant "guilty of an assault and battery with intent to kill," is:

(*a*) In legal effect only a conviction of an assault and battery, a misdemeanor; but

(*b*) Being clouded and uncertain the trial court may properly refer it back to the jury for a more specific finding; and

(*c*) The jury may thereafter return a verdict finding "the defendant guilty as charged."

2. SAME. *Objections to testimony. Supreme court.*

Objections to testimony not made in the trial court will not be considered by the supreme court on appeal.

FROM the circuit court of Madison county.

HON. DAVID M. MILLER, Judge.

Thompson, the appellant, was indicted for an assault and battery with intent to kill and murder one John Moore, Jr.; was tried and convicted, and appealed therefrom to the supreme court. The facts upon which the case turned are fully stated in the opinion of the court.

*W. H. Powell & Huber,* for appellant.

The verdict last rendered was not the verdict of the jury, but of the court, and hence cannot stand.

The court had no power to sentence the defendant to the penitentiary upon the verdict as rendered by the jury, and can pronounce no sentence upon its own verdict, of course.

We claim that the verdict in the case at bar, viz.: "We, the jury, find the defendant guilty of assault and battery with intent to kill," was a complete legal verdict, and that the words "with intent to kill," are mere surplusage, and that it was the duty of the court to have accepted it.

If this be true, it follows that the attempted second verdict was a nullity, and that the court had no power to sentence defendant to the penitentiary. He was acquitted of the crime charged and found guilty of a crime of less degree, a misdemeanor. Even if the second verdict be legal, it was contrary to the law and evidence, for there is no proof that the defendant bore malice to Moore or that he procured the knife for the purpose of engaging in combat with him.

*R. V. Fletcher,* assistant attorney-general, for appellee.

The jury first brought in a verdict in the following words: "We, the jury, find the defendant guilty of assault and battery with intent to kill."

Defendant insisted that the first verdict was good as a verdict for "assault and battery," and that it should have been received by the court and sentence passed accordingly.

It has been frequently remarked by the court in recent cases that when there is a doubt as to the meaning of a verdict, it is within the power and it is even the duty of the court to send the jury back to clear up the ambiguous verdict. *Owens* v. *State,* 82 Miss., 18 (s.c., 33 South. Rep., 718).

It is earnestly insisted that part of this verdict is surplusage, which may be disregarded. But while true as a general thing

that mere surplusage should be disregarded, yet the rule in respect to the rejection of surplusage does not apply where the redundant findings are substantially variant from those which are responsive to the issues, or where the surplus clearly shows that the jury reasoned incorrectly, or that they came to their conclusions from false premises. 28 Am. & Eng. Ency. Law (2d ed.), 1027.

*Bedell* v. *State*, 50 Miss., 492, is not in point, as there was nothing done by the court to clear up the verdict or ascertain more fully the true meaning of the jury. The verdict was received and entered in the form in which it was written by the jury and defendant sentenced for felony. But the verdict in the instant case was not received; on the other hand the court, after the jury had been instructed as to what verdict they could lawfully render, returned them to their room that they might find a verdict which would be free from doubt. They did so, and it is difficult to see how defendant has been harmed. It was not competent to introduce the jury to testify as to what their verdict meant. *Smith* v. *State*, 75 Miss., 542 (s.c., 33 South. Rep., 722).

But if the testimony of these jurors is to be disregarded, it appears that they were agreed at first that the defendant was guilty of something more than assault and battery, and when the issue was narrowed down to one of two verdicts they found "guilty as charged."

Surplusage in a verdict may be disregarded, but it is not error for the court to have that surplusage removed when its presence throws doubt upon the intention of the jury.

CALHOON, J., delivered the opinion of the court.

Appellant was indicted for assault and battery with intent to kill and murder. The verdict was: "We, the jury, find the defendant guilty of assault and battery with intent to kill." This verdict as it stands is a conviction of assault and battery

only, and if it so remained and had been followed by sentence as for a felony, we would have reversed and remanded for proper sentence. But the jury in the present case was sent back for a more explicit verdict, and returned one of guilty as charged in the indictment. The first verdict was clouded and uncertain as to real intent, and it was not error to have it make certain the actual conclusion of the minds of the jury.

The points raised in reference to questions to the witness Lula Wharton and the reading and commenting on the stenographer's notes of her testimony cannot be availed of, because it is not sufficiently shown that objections were made at the time.

*Affirmed.*

